**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE ALVARO DOLORES, JOSE HUGO ROMERO VENTURA, ELIBERTO GIL, LUIS CARCAMO, EFREN VALENTIN, STEVEN MORALES, ADELFO HERNANDEZ, MARCO HERNANDEZ, JOSE FRANCO, and JACOBO HERNANDEZ, on behalf of themselves and others similarly situated, | 19 Civ. 11056 (AT) |

Plaintiffs,

-against-

TITAN CONSTRUCTION SERVICES LLC, MUCU
CONTRACTING CORP., REGALADO
CONTRACTING INC., EL CASTILLO
CONTRACTING CORP., AMADOR GARCIA,
JOSE INKAY GARCIA, JUAN GARCIA, CESARIO
MUCU, and ERIC MERCADO,

Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TITAN
CONSTRUCTION SERVICES LLC, JOSE INAKY GARCIA, AND JUAN GARCIA'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10179
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants Titan Construction
Services LLC, Jose Inaky Garcia, and Juan Garcia*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Bryn Goodman, Esq.

109533434.v5

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF FACTS ......................................................................... 2

PROCEDURAL HISTORY ........................................................................ 4

ARGUMENT ............................................................................................. 4

I.      LEGAL STANDARD ..................................................................... 4

II.     PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO ESTABLISH
        THAT TITAN CONSTRUCTION WAS THEIR EMPLOYER UNDER THE
        FLSA OR NYLL ............................................................................. 6

        A.      Plaintiffs have not and cannot allege Titan Construction had formal
                control over Plaintiffs' employment ................................................ 7

        B.      Plaintiffs have not and cannot allege Titan Construction had functional
                control over Plaintiffs' employment ................................................ 8

        C.      Plaintiffs have not and cannot allege facts to show Titan Construction and
                the Other Corporate Defendants were operating a single integrated
                enterprise ....................................................................................... 10

III.    PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO
        STATE A CLAIM THAT THE INDIVIDUAL DEFENDANTS WERE THEIR
        EMPLOYER ..................................................................................... 12

        A.      Plaintiffs have not and cannot plead facts to show that the Individual
                Defendants were employers under the economic realities test .......... 12

        B.      Plaintiffs have not and cannot plead facts to show that the Individual
                Defendants had sufficient control over Plaintiffs .......................... 15

IV.     PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY
        BECAUSE IT IMPERMISSIBLY UTILIZES GROUP PLEADINGS AND
        DOES NOT COMPLY WITH RULE 8 PLEADING STANDARDS. .......... 16

CONCLUSION ........................................................................................ 18

109533434.v5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Sales Co. v. AstraZeneca AB*,
   No. 10 Civ. 6062 (PKC), 2011 WL 1465786 (S.D.N.Y. Apr. 14, 2011) ............................5, 16

*Archarya v. 7-Eleven, Inc.*,
   No. 1:18-CV-08010 (PAC), 2019 WL 6830203 (S.D.N.Y. Dec. 13, 2019) ............... 6, 12, 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................4, 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................................5, 16

*Bravo v. Est. Burger One, LLC*,
   No. 12-CV-9044 (CM), 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ............................ 10, 11

*Carter v. Dutchess Cmty. Coll.*,
   735 F. 2d 8 (2d Cir. 1984) ...............................................................................................7, 12

*Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*,
   No. 17-CV-4058 (RA), 2018 WL 6655607 (S.D.N.Y. Dec. 19, 2018) ............................6, 11

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010) ....................................................................................................2

*Gulino v. New York State Educ. Dep't*,
   460 F.3d 361 (2d Cir. 2006) ..................................................................................................10

*Herman v. RSR Sec. Servs.*,
   172 F. 3d 132 (2d Cir. 1999) ..............................................................................................6, 7

*Imbarrato v. Banta Mgmt. Servs., Inc.*,
   No. 18-CV-5422 (NSR), 2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020)......................... 12, 13

*Irizarry v. Catsimatidis*,
   722 F.3d 99 (2d Cir. 2013) .................................................................................................6, 12

*Leneau v. Ponte*,
   No. 1:16-CV-776-GHW, 2018 WL 566456 (S.D.N.Y. Jan. 25, 2018), *appeal
   dismissed* (2d Cir. July 16, 2018)........................................................................................17

*Lin v. Comprehensive Health Mgmt.*,
   No. 08 Civ. 5619 (PKC), 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009)...............................6, 14

109533434.v5

*Lopez v. Acme Am. Envtl. Co.*,
    No. 12 Civ. 511 (WHP), 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012)................................7, 9

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
    711 F. 3d 106 (2d Cir. 2013) ...................................................................................................5

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007) ....................................................................................................4

*Mills-Sanchez v. Research Found. for State Univ. of New York*,
    No. 1:18-CV-723 (GLS) (DJS), 2019 WL 2549726 (N.D.N.Y. June 20, 2019)...................16

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
    No. 12 Civ. 2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)......................6, 16, 17

*Romero v. Real Innovative Constr., LLC*,
    No. 18 Civ. 7424 (VEC)(RWL), 2020 WL 534172 (S.D.N.Y. Jan. 13. 2020) ................15-16

*Rosaio v. Mis Hijos Deli Corp.*,
    No. 15-CV-6049 (LTS-DCF), 2018 WL 463822 (S.D.N.Y. Sept. 27, 2018) ........................14

*Rutherford Food Corp. v. McComb*,
    331 U.S. 722 (1947) .................................................................................................................9

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ......................................................................................................5

*Sampson v. MediSys Health Network, Inc.*,
    No. 10-CV-1342 (SJF)(ARL), 2012 WL 3027838 (E.D.N.Y. July 24, 2012) ........................9

*Santana v. Fishlegs, LLC*,
    No. 13-civ-01628 (LGS), 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013)..................................8

*Serrano v. I. Hardware Distrib., Inc.*,
    No. 14-CV-2488 (PAC), 2016 WL 1441469 (S.D.N.Y. Apr. 7, 2016) ..................................15

*Solis v. ZEP LLC*,
    No. 19-CV-4230 (JGK), 2020 WL 1439744 (S.D.N.Y. Mar. 24, 2020) .................................4

*Tracy v. NVR, Inc.*,
    667 F. Supp. 2d 244 (W.D.N.Y. 2009)...................................................................................13

*Tracy v. NVR, Inc.*,
    No. 04-CV-6541L, 2009 WL 3153150 (W.D.N.Y. Sept. 30, 2009).......................................12

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
    853 F. Supp. 2d 290, 2012 WL 566255 (E.D.N.Y. 2012).......................................................7

iii

*Zheng v. Liberty Apparel Co. Inc.*,
    355 F.3d 61 (2d Cir. 2003) ..................................................................................9

**Miscellaneous**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1281 (1969) ....................................5

Federal Rules of Civil Procedure Rule 8.................................................................. 1, 5, 16, 17

Federal Rules of Civil Procedure Rule 12(b)(6)....................................................... 1, 4, 13, 18

109533434.v5

Defendants Titan Construction Services LLC ("Titan Construction"), Jose Inaky Garcia, and Juan Garcia (together "Individual Defendants" and with Titan Construction, "Titan Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Amended Complaint [Docket No. 18] (hereinafter "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs were never employed by Titan Defendants and, as such, have not and cannot assert any particularized facts to state a claim against the Titan Defendants under either the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL").  In the Complaint, Plaintiffs implausibly claim that four different corporate entities and five individuals simultaneously employed Plaintiffs for various commercial and residential construction jobs in and/or around New York City.  (*See* Complaint ¶¶ 44, 45).  Aside from a few over-generalized and overreaching statements, however, the Complaint is completely devoid of any concrete facts detailing the alleged employment relationship between Titan Defendants and Plaintiffs.  Instead, the Complaint relies on boilerplate recitation of the applicable legal standards and conclusory allegations regarding the alleged involvement of Titan Defendants in an attempt to expand inappropriately the scope of this action.

Furthermore, Plaintiffs impermissibly employ group pleading in violation of the requirements of Rule 8 of the Federal Rules of Civil Procedure ("FRCP") and fail to state plausible claims for relief under applicable pleading requirements.  Indeed, the Complaint merely lumps all of the Defendants together as one and does not differentiate among them.  Accordingly, for these reasons and as set forth below, Plaintiffs' claims against the Titan Defendants should be dismissed.

109533434.v5

## STATEMENT OF FACTS[1]

Plaintiffs allege that they are construction workers who work in New York City. (Complaint ¶ 45).  Plaintiffs also allege that they were employed by all nine defendants – the Titan Defendants, three other corporate entities (Mucu Contracting, Corp., Regalado Contracting, Inc., and El Castillo Contracting Corp. (the "Other Corporate Defendants"), and three other individuals (Amador Garcia, Cesario Mucu, and Eric Mercado).   (Complaint ¶ 1).   Plaintiffs concede, however, that all of the corporate defendants have different addresses, states of incorporation, Complaint ¶¶ 28-31, ownership and management.  (Complaint ¶¶ 32-38).  Plaintiffs understand the defendants are different entities, but Plaintiffs allege without any factual predicate that all of the defendants comprise a single integrated enterprise.   Plaintiffs allege that they worked for Defendants within the past six years and Defendants violated the FLSA and NYLL by failing to pay Plaintiffs minimum wage and overtime, Complaint ¶¶ 93-104, and failing to keep proper records under the NYLL.  (*See* Complaint ¶¶ 105-109).

Plaintiffs have failed to particularize the claims against each Defendant; instead, the Complaint contains the same allegations on behalf of each Plaintiff and contains the same allegations against all Defendants, including that:

- "At all relevant times, Defendants employed Plaintiffs."  (Complaint ¶ 47).

- "Defendants assigned Plaintiffs … to perform various construction related duties." (Complaint ¶ 51).

- "Defendants regularly scheduled Plaintiffs."  (Complaint ¶ 52).

---

[1]   For purposes of this Motion only, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  However, should Titan Defendants' Motion be denied in whole or in part, the Titan Defendants intend to vigorously contest the facts asserted in the Complaint

109533434.v5

- "Defendants did not pay Plaintiffs . . . when they had to stay at work late past the end of their scheduled shifts."  (Complaint ¶ 64).

- "Defendants did not compensate Plaintiffs . . . for all the time they worked for Defendants."  (Complaint ¶ 67).

- "Defendants failed to pay Plaintiffs . . . overtime premiums."  (Complaint ¶ 68).

- "Defendants failed to keep accurate and sufficient time records."  (Complaint ¶ 70).

- "Defendants failed to provide Plaintiffs . . . with [required] notices" under the NYLL.  (Complaint ¶ 72).

Plaintiffs do not even specify who paid them, instead, Plaintiffs allege "[a]t all times relevant hereto, Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members *were paid* hourly rates of between $17 and $35 per hour."  (Complaint ¶ 48) (emphasis added).  The allegations against Titan Defendants are paltrier.  Plaintiffs only allege that (1) Titan Construction is a New Jersey limited liability company with a business address in Manhattan, (2) Titan Construction is owned and managed by Amador Garcia,[2] Jose Inaky Garcia, and Juan Garcia, and (3) that Plaintiffs wore shirts, jackets, and hats with Titan Construction's logo.  (Complaint ¶¶ 28, 32, 33, 34, 36, and 46).  Beyond these assertions, there are no other particularized assertions made against Titan Construction in the Complaint.

Plaintiffs' allegations against the Individuals Defendants are equally sparse.  Generally, the Complaint alleges in conclusory fashion that the Individual Defendants: (i) "supervised Plaintiffs" by "giving the orders to Defendant Amador Garcia, who relayed the orders on to Plaintiffs; (ii) made hiring and firing decisions; (iii) disciplined employees; (iv) picked-up time sheets; and (v)

---

[2] This is untrue.

109533434.v5

received updates on the status of projects." (Complaint ¶¶ 33-37). However, there are no concrete, specific factual allegations against the Individual Defendants that violate the FLSA or NYLL.

## PROCEDURAL HISTORY

On December 2, 2019, Plaintiffs filed their initial complaint in this Action. (Docket No. 1). On January 21, 2020, the Titan Defendants sent a letter to Plaintiffs notifying them that the initial complaint was deficient and advising Plaintiffs of their intention to move to dismiss the initial complaint. In response to this letter, on January 28, 2020, Plaintiffs informed the Titan Defendants that they intended to file an amended complaint. On February 25, 2020, Plaintiffs filed the Complaint [Docket No. 18].

On March 2, 2020, the Titan Defendants wrote to Plaintiffs advising them that the Amended Complaint did not cure the initial complaint's deficiencies. On March 10, 2020, Plaintiffs informed the Titan Defendants that they would not amend the Complaint. As such, on March 13, 2020, the Titan Defendants filed a letter seeking leave to file their motion to dismiss [Docket No. 21]. Plaintiffs responded on March 25, 2020 [Docket No. 24]. That same day, the Court set a briefing schedule for the instant motion [Docket No. 25].

## ARGUMENT

### I.   LEGAL STANDARD

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true all well-pleaded facts in considering the party's claim for relief. *See Solis v. ZEP LLC,* No. 19-CV-4230, 2020 WL 1439744, at *7 (S.D.N.Y. Mar. 24, 2020) (citing *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007)). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Legal conclusions "must be supported by factual allegations." *Id.* at 679. Thus, to survive a motion to dismiss under Rule 12(b)(6), "A complaint must contain sufficient factual matter . . .

4

to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

"[A] 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F. 3d 106, 114 (2d Cir. 2013) (quoting *Iqbal,* 556 U.S. at 687). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Instead, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Unless a plaintiff's allegations has "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *see also Iqbal,* 556 U.S. at 680. Plaintiffs' allegations in the Complaint against the Titan Defendants fall short of this standard and must be dismissed.

Plaintiffs' Complaint also fails to satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which mandates that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are supposed to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). "Unnecessary prolixity in a pleading" is generally not tolerated, as it "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281 (1969)). Rule 8(a) further requires plaintiffs to "indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. AstraZeneca AB*, No. 10 Civ. 6062 (PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011). Plaintiffs cannot "lump[] all the defendants together in each claim and provid[e] no

factual basis to distinguish their conduct." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at \*6-7 (S.D.N.Y. Dec. 3, 2012).

## II.   PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO ESTABLISH THAT TITAN CONSTRUCTION WAS THEIR EMPLOYER UNDER THE FLSA OR NYLL

To be held liable under the FLSA or NYLL, Plaintiffs must each show that Titan Construction was their "employer." *Herman v. RSR Sec. Servs.*, 172 F. 3d 132, 139 (2d Cir. 1999); *see also Lin v. Comprehensive Health Mgmt.*, No. 08 Civ. 5619, 2009 WL 976835, at \*2 (S.D.N.Y. April 9, 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL).   In determining whether an employer-employee relationship exists between Plaintiffs and Titan Construction, Plaintiffs must allege facts to satisfy the "economic realities test" mandated by the Supreme Court in which "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999).

The "economic realities test" may be satisfied where plaintiffs allege facts to show that defendants have formal control or functional control over the plaintiffs. *See Archarya v. 7-Eleven, Inc.*, No. 1:18-CV-08010, 2019 WL 6830203, at \*2 (S.D.N.Y. Dec. 13, 2019) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013)).   In addition, where plaintiffs seek to impose liability against two or more defendant corporations for the same labor, they must *also* establish that the entities were a "single integrated enterprise." *See Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17-CV-4058(RA), 2018 WL 6655607, at \*3 (S.D.N.Y. Dec. 19, 2018).

**A.** **Plaintiffs have not and cannot allege Titan Construction had formal control over Plaintiffs' employment**

Plaintiffs have not alleged facts necessary to satisfy the four-part test to show that Titan Construction had formal control over Plaintiffs' employment.  To show formal control, the employee must establish that "the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled the employee work schedules or schedules of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Herman,* 172 F. 3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.,* 735 F. 2d 8, 12 (2d Cir. 1984)).  Plaintiffs have not alleged facts to show that Titan Construction's operations satisfy these four factors; thus, Plaintiffs have failed to allege facts sufficient to establish Titan Construction's formal control over Plaintiffs.

Plaintiffs must assert particularized allegations of the relationship of control between each Plaintiff and Titan Construction.  *See, e.g., Lopez v. Acme Am. Envtl. Co.,* 2012 WL 6062501 at *5 (granting motion to dismiss FLSA claims against two corporate defendants where plaintiffs failed to allege that those defendants had the power to hire the plaintiffs, supervised or controlled their work schedules or payments, or maintained employment records).  Here, Plaintiffs only allege that Defendant Jose Inaky Garcia owns Titan Construction and that he had the power to hire and fire Plaintiffs.  (*See* Complaint ¶¶ 34-35).  Plaintiffs do not allege, however, that Titan Construction controlled Plaintiffs schedules, rate of pay, or maintained employment records.  Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees.  *See Lopez,* 2012 WL 6062501 at *4 (S.D.N.Y. Dec. 6, 2012) (citing *Wolman v. Catholic Health Sys. of Long Island, Inc.,* 853 F. Supp. 2d 290, 2012 WL 566255, at *5 (E.D.N.Y. 2012)).  Plaintiffs also fail to allege that the Individual Defendants acted in their capacities as owners or officers of Titan Construction.  *Id.*

109533434.v5

Plaintiffs broadly allege that all nine Defendants (consisting of corporations and individuals) employed all ten Plaintiffs in addition to the "FLSA Collective Plaintiffs, and the Class Members" "at all relevant times." (*See generally,* Complaint). The entirety of Plaintiffs' factual allegations relied on to support its claims against Titan Construction are:

- "Defendant Titan Construction Services LLC, ("Titan") is a New Jersey Limited Liability Company with its place of business located at 153 West 27th Street, Suite #403, New York, NY, 10001." (Complaint ¶ 28);

- "Defendants operate a construction company that purports to have 40 years of experience servicing 'residential, commercial and institutional facilities including Landmark designed buildings and structures' in the New York City area." (with a reference to Defendant Titan's website) (Complaint ¶ 44); and

- "Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members wore hats, shirts, jackets, and/or hardhats with the name 'Titan Construction Services, LLC' on them." (Complaint ¶ 46).

There are no particularized allegations that Titan Construction controlled Plaintiffs' employment. In *Santana,* 2013 WL 5951438, at *8, a court in this jurisdiction dismissed plaintiffs' FLSA claims against five of seven corporate defendants where five defendants did not employ plaintiffs and plaintiffs' allegations included broad statements that all class members at all seven locations suffered the same treatment. Accordingly, this Court should follow the holding in *Santana* and dismiss the claims against Titan Construction because Plaintiffs similarly fail to allege that Titan Construction exercised formal control over Plaintiffs.

**B.   Plaintiffs have not and cannot allege Titan Construction had functional control over Plaintiffs' employment**

Plaintiffs' meagre factual allegations also cannot satisfy the factors necessary to establish that Titan Construction functionally controlled Plaintiffs. *Id.* To establish functional control, Plaintiffs must allege facts that show: (1) whether defendant's premises and equipment were used for Plaintiffs' work; (2) whether Titan Construction had a business that could or did shift as a unit

8

from one joint employer to another; (3) the extent to which Plaintiffs performed a discrete line-job that was integral to Titan Construction's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which Titan Construction or its agents supervised Plaintiffs' work; (6) whether Plaintiffs worked exclusively or predominantly for Titan Construction. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F. 3d 61, 72 (2d Cir. 2003) (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722 (1947)).

Plaintiffs similarly do not specifically allege that Titan Construction exercised functional control over them. Plaintiffs do not set forth allegations to support factors one through four or six for the functional control test. With respect to factor five, Plaintiffs allege that Defendant Amador Garcia[3] is an agent of Titan Construction and that he hired four of the ten Plaintiffs, fired three, and supervised employees generally, Complaint ¶ 32; however, Plaintiffs do not allege that Defendant Amador Garcia did so in his capacity as an alleged owner or manager of Titan Construction. *See Lopez,* 2012 WL 6062501 at *5 (holding that plaintiffs allegations that individuals supervised, hired, and controlled pay rates of plaintiffs was not sufficient to state claims against the corporate defendants where plaintiffs did not allege that the individuals acted in their capacities as owners or officers of the corporate defendants); *see also Sampson v. MediSys Health Network, Inc.,* No. 10-CV-1342, 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (finding allegations that corporate officers were involved in setting pay policies did not adequately plead "power to control" workers in question and dismissing plaintiff's complaint where complaint was devoid of allegations as to the relationship between plaintiff-employees and putative employer). Based on the allegations, Titan Construction does not satisfy any of the functional

---

[3] Amador Garcia was neither an owner of nor a manager at Titan Construction.

control factors, and thus, had no functional control over Plaintiffs. Accordingly, the claims asserted against Titan Construction in the Complaint should be dismissed.

C.   **Plaintiffs have not and cannot allege facts to show Titan Construction and the Other Corporate Defendants were operating a single integrated enterprise**

Plaintiffs have also failed to allege facts sufficient to show that all the corporate defendants were acting as a single integrated enterprise. In the Second Circuit, the single integrated enterprise analysis "has been confined to two corporate contexts: first, where the plaintiff is an employee of a wholly-owned corporate subsidiary; and second, where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino v. New York State Educ. Dep't*, 460 F. 3d 361, 378 (2d Cir. 2006) (citations omitted). Here, none of the Other Corporate Defendants are wholly-owned subsidiaries of Titan Construction, nor has Titan Construction subcontracted with the Other Corporate Defendants for *Plaintiffs' employment*. More importantly, Plaintiffs have not alleged facts to establish that such a relationship exists. In fact, Plaintiffs do not allege any connection between Titan Construction and the Other Corporate Defendants.

In order for Plaintiffs to sufficiently establish Titan Construction and the Other Corporate Defendants were operating as a single integrated enterprise, Plaintiffs must plead "specific facts" to meet the elements of a joint enterprise including the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See Bravo v. Est. Burger One, LLC,* No. 12-CV-9044, 2013 WL 5549495, at *8 (S.D.N.Y. Oct. 8, 2013). Plaintiffs also fail to allege any factual basis to support these elements. Plaintiffs state that all Defendants "jointly and separately constituted an 'enterprise' within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s)." (Complaint ¶ 41). Subsequently, in the Complaint, Plaintiffs merely repeat each boilerplate

allegation for every defendant and is devoid of any specific facts to analyze this claim.  (*See generally,* Complaint).  Plaintiffs' allegations do not identify whether Titan Construction or any of the other nine Defendants were engaged in a unified operation, were under common control, operated for a common business purpose, utilized any of the ten Plaintiffs in an interchangeable manner, or any other requirement element to show a single integrated enterprise.  *Bravo v. Est. Burger One, LLC,* 2013 WL 5549495, at *8.

In this jurisdiction, "[a]llegations were considered insufficient to impose liability on multiple corporate defendants on the theory that they were a single integrated enterprise where, despite allegations of common ownership and common purpose, the pleadings failed to allege that the corporate defendants had any formal or functional control over the plaintiff-employees." *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17-CV-4058(RA), 2018 WL 6655607, at *3 (S.D.N.Y. Dec. 19, 2018).  As discussed above, Plaintiffs have not, and cannot allege sufficient facts to allege Titan Construction had any formal or functional control over Plaintiffs.  Thus, even where a plaintiff alleges "some kind of affiliation among the defendants," such allegations are not sufficient to support a single integrated enterprise without the requisite allegations of control by Titan Construction over each Plaintiff.  *See Ntalianas,* 2018 WL 1701960 at *4-5 ("Although they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves.").

Titan Construction had no control over the Plaintiffs employment.  The Complaint is bereft of the necessary factual allegations to hold Titan Construction liable as Plaintiffs' employer.  Instead, Plaintiffs offer boilerplate allegations under the FLSA and NYLL listing pleading standards and overgeneralized allegations directed to "Defendants" without any particularization

109533434.v5

to Titan Construction.  Accordingly, Titan Construction, an entity for which Plaintiffs never worked, should be dismissed from this action, with prejudice.

## III.   PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM THAT THE INDIVIDUAL DEFENDANTS WERE THEIR EMPLOYER

"In order for an individual defendant to be an employer, there must be more than just '[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function." *Imbarrato v. Banta Mgmt. Servs., Inc.,* No. 18-CV-5422, 2020 WL 1330744, at *3 (S.D.N.Y. Mar. 20, 2020).  Instead, an individual defendant must have "control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id.* (citing *Irizarry,* 722 F. 3d 99, 109 (2d Cir. 2013)).  Applying the "economic realities test," courts have found that, "[g]enerally, corporate officers and owners held to be employers under the FLSA [or NYLL] have had some direct contact with the plaintiff employee, such as *personally* supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee." *Tracy v. NVR, Inc.,* No. 04-CV-6541L, 2009 WL 3153150, at *4 (W.D.N.Y. Sept. 30, 2009) (emphasis added).

### A.   Plaintiffs have not and cannot plead facts to show that the Individual Defendants were employers under the economic realities test

Under the economic reality test, an individual may be an employer if they exercised formal control (analyzed using the four-factor analysis of direct elements of control) or functional control (analyzed using the six-factor analysis of indirect control) over the employees in question.  *See Carter,* 735 F. 2d 8, 12 (2d Cir. 1984); *see also Archarya v. 7-Eleven, Inc.,* No. 1:18-CV-08010, 2019 WL 6830203, at *2 (S.D.N.Y. Dec. 13, 2019) (applying the economic realities test to determine whether individual defendants are employers).

12

"Notwithstanding the economic reality test, however, a plaintiff must do more than recite the language of the test to plausibly allege that an individual defendant qualifies as an employer." *Imbarrato,* 2020 WL 1330744 at *3. "'[M]ere boilerplate allegations that [a defendant] meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details' are not enough to survive a Rule 12(b)(6) motion." *Acharya,* 2019 WL 6830203 at *2 (citing *Tracy v. NVR, Inc.,* 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009)).

As with Titan Construction, Plaintiffs fail to plead sufficient, particularized facts to support a claim that the Individual Defendants were their employer or joint employer. The allegations in the Complaint against the Individual Defendants are threadbare and state, without any factual support whatsoever, that:

- "Defendants Jose Inaky Garcia and Juan Garcia are two brothers who owned and operated Defendant Titan … and closely supervised Titan's employees, including Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members. While the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members were directly supervised by Defendant Amador Garcia, Defendants Jose Inaky Garcia and Juan Garcia were the ones giving the orders to Defendant Amador Garcia, who relayed those orders on to Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members." (Complaint ¶ 33);

- "Defendant Jose Inaky Garcia is an owner, chairman/chief executive officer, President and/or manager of Defendant Tian. Defendant Jose Inaky Garcia has, and at all relevant times had, and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members." Defendant Jose Inaky Garcia closely supervised Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members and hired several of the Plaintiffs including but not limited to Jose Hugo Romero Ventura and Luis Carcamo. Moreover, even though some of the Plaintiffs were hired by Defendant Amador Garcia, Defendant Jose Inaky Garcia had to approve their hiring. Similarly, even though Plaintiff Jose Alvaro Dolores was told he was being fired by Defendant Amador Garcia … Defendant Jose Inaky Garcia made the decision to fire him." (Complaint ¶ 34);

- "Defendant Jose Inaky Garcia visited Defendants'' various work sites on a daily basis, inspected the Plaintiffs', the FLSA Collective Plaintiffs', and the Class Members' work, issued orders to them, pushed them to 'work hard,' and regularly took pictures of them to ensure that they were working to his satisfaction.

109533434.v5

Defendant Jose Inaky Garcia also regularly disciplined Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members and sent them home if they violated any of Defendants' rules.  Defendant Jose Inaky Garcia also often sent and received texts/emails to/from Plaintiff Jose Alvaro Dolores with job updates and other work related questions and often picked up their timesheets." (DE 18 at ¶ 35);

- "Defendant Juan Garcia is an owner, chairman/chief executive officer, President and/or Manager of Defendant Titan.  Defendant Juan Garcia has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members." (Complaint ¶ 36); and

- "Defendant Juan Garcia also regularly visited some of Defendants' work sites, including a large multi-year project at 111 Broadway, inspected the Plaintiffs', the FLSA Collective Plaintiffs', and the Class Members' work, told the foremen what to do, and disciplined the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members if they were not working to his satisfaction.  One day, while inspecting a job site located on 148th Street in Manhattan, Defendant Juan Garcia started yelling at the Plaintiffs, the FLSA Collective Plaintiffs, and the Class members who were working there, ordered them to come down, and fired several of them." (Complaint ¶ 37).

Plaintiffs' allegations attempt to improperly expand on any relationship with the Individual Defendants without the proper factual background.  *See Xiu Lian Lin v. Comprehensive Health Mgmt., Inc.,* No. 08-CV-6519, 2009 WL 976835, at *2 (S.D.N.Y. April 9, 2009) (dismissing claim where employees failed to allege any facts regarding the positions held by individual defendants or their  power to control plaintiffs' hours, wages, or other terms and conditions of employment and only recited elements).  For instance, while Plaintiffs allege that the Individual Defendants owned and operated Titan Construction, Plaintiffs have not alleged that they worked for Titan Construction, and, if they did, during what time frame, in what position, or on which project. (*See generally,* Complaint).  Further, Plaintiffs' allegations that the Individual Defendants had an ownership interest or stake in Titan Construction, without more, is not sufficient to show that either was an employer under the FLSA or NYLL.  *See Rosaio v. Mis Hijos Deli Cop.,* No. 15-CV-6049, 2018 WL 463822, at *10 (S.D.N.Y. Sept. 27, 2018) ("Ownership or a stake in a company, is

14

[alone] insufficient to establish that an individual is an 'employer.'").  Plaintiffs have not and cannot establish any connection between the Individual Defendants and Plaintiffs.  As such, the allegations against the Individual Defendants should be dismissed.

**B.    Plaintiffs have not and cannot plead facts to show that the Individual Defendants had sufficient control over Plaintiffs**

In the Complaint, Plaintiffs merely mention that three out of the ten Plaintiffs had minor interactions with the Individual Defendants.  (Complaint ¶¶ 33-37.)  This is insufficient to show that the Individual Defendants were "Plaintiffs', the FLSA Collective Plaintiffs', or the Class Members'" employer.  *See Serrano v. I. Hardware Distrib., Inc.,* No. 14-CV-2488, 2016 WL 1441469, at *2 ("[T]he vague allegations that [individual defendant] at times took over responsibilities from [another individual] is not enough to state a claim against her … [t]he boilerplate allegations that [individual defendant] had control over Plaintiffs' work conditions or that she set their work schedules and compensation are plainly insufficient.").  Indeed, the majority of the Plaintiffs (seven of the ten) allege no interactions between themselves and the Individual Defendants.

Aside from Plaintiffs' threadbare allegations that three of the ten Plaintiffs communicated with the Individual Defendants, Plaintiffs do not address a majority of the factors under the formal and functional employee-employer relationship tests.  With respect to the formal control elements, Plaintiffs do not address three of the four elements including whether Individual Defendants (1) controlled Plaintiffs' work schedules or conditions of employment, (2) determined Plaintiffs' rate of pay, or (3) maintained employment records.  *See Romero,* 2020 WL 534172 at *3.  Similarly, with respect to the functional control elements, the Complaint does not allege any of the six factors.  Specifically, Plaintiffs fail to allege: (1) whether Individual Defendants' premises were used for Plaintiffs' work, (2) whether Plaintiffs' had a business that could or did shift as a unit from one

15

putative joint employer to another, (3) whether Plaintiffs performed a discrete line-job that was integral to the Individual Defendants' process of production, (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes, (5) the degree to which the Individual Defendants supervised Plaintiffs' work; and (6) whether Plaintiffs' worked exclusively or predominantly for Individual Defendants. *See Romero,* 2020 WL 534172 at *3.

Plaintiffs' allegations against the Individual Defendants are indistinguishable from their allegations against Titan Construction and all the other defendants. These allegations do not "cross the line from conceivable to plausible" and should be dismissed with prejudice. *See Twombly,* 550 U.S. at 570. Accordingly, Plaintiffs do not plausibly allege that the Individual Defendants were employers and therefore the allegations against them should be dismissed.

## IV.   **<u>PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT IMPERMISSIBLY UTILIZES GROUP PLEADINGS AND DOES NOT COMPLY WITH RULE 8 PLEADING STANDARDS.</u>**

Throughout the Complaint, Plaintiffs makes sweeping references to the "Defendants" without attempting to distinguish between them. Indeed, the Complaint is littered with examples of this type of improper pleading practice. (*See* Complaint, pp. 8-14). This type of impermissible group pleading fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Plaintiffs' allegations are inexcusably asserted against all Defendants along with "[t]hreadbare recitals of the elements of a cause of action." *Mills-Sanchez v. Research Found. for State Univ. of New York*, No. 1:18-CV-723 (GLS) (DJS), 2019 WL 2549726, at *5 (N.D.N.Y. June 20, 2019). Plaintiffs' failure to provide specific allegations against each defendant is particularly problematic as it relates to the Titan Defendants. Plaintiffs have simply "lumped" each Titan Defendant in with the other defendants and allege that all "Defendants" were responsible for the alleged violations of the FLSA and the NYLL. Just as in *Am. Sales Co.*, and *Ochre LLC*, the failure to distinguish each Defendant's alleged conduct results in the Complaint reading as if each

16

Defendant committed all of the alleged wrongful acts, such that none of the Titan Defendants have been provided with adequate notice of the claims against them specifically, warranting dismissal of the Complaint.  *See Ochre LLC*, 2012 WL 6082387, at *6-7 (dismissing complaint because plaintiffs engaged in group pleading in violation of Rule 8).

A plaintiff cannot employ group pleading in an attempt to "force the various defendants to guess at the nature" of its claims.  *Ochre LLC*, 2012 WL 6082387, at *7 (dismissing, with prejudice where plaintiff failed to allege "plausible facts" supporting its claims or conduct by each defendant constituting wrongful acts); *see also Leneau v. Ponte*, No. 1:16-CV-776-GHW, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018), *appeal dismissed* (2d Cir. July 16, 2018) (complaints that rely on "group pleading" and "fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.") (internal citations omitted).  However, this is exactly Titan Defendants would be forced to do in defending themselves against the Complaint. Accordingly, Plaintiffs' Complaint should be dismissed because it fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

109533434.v5

## **CONCLUSION**

For the reasons set forth above, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss Plaintiffs' Amended Complaint against Defendants Titan Construction Services LLC, Jose Inaky Garcia, and Juan Garcia, with prejudice, and grant such other and further relief as it deems just and proper.

DATED:     April 22, 2020                Respectfully submitted,
            New York, New York

FOX ROTHSCHILD LLP


By:  /s/ Glenn S. Grindlinger
     Glenn S. Grindlinger
     Bryn Goodman
     101 Park Avenue, 17th Floor
     New York, NY 10178
     (212) 878-7900
     ggrindlinger@foxrothschild.com
     bgoodman@foxrothschild.com

*Attorneys for Defendants Titan Construction Services LLC, Jose Inaky Garcia, and Juan Garcia*

109533434.v5