# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ALVARO DOLORES, JOSE HUGO
ROMERO VENTURA, ELIBERTO GIL, LUIS
CARCAMO, EFREN VALENTIN, STEVEN
MORALES, ADELFO HERNANDEZ, MARCO
HERNANDEZ, JOSE FRANCO, and JACOBO
HERNANDEZ, on behalf of themselves and others
similarly situated,

                              Plaintiffs,

                 -against-

TITAN CONSTRUCTION SERVICES LLC, MUCU
CONTRACTING CORP., REGALADO
CONTRACTING INC., EL CASTILLO
CONTRACTING CORP., AMADOR GARCIA,
JOSE INAKY GARCIA, JUAN GARCIA, CESARIO
MUCU, and ERIC MERCADO,

                              Defendants.

19 Civ. 11056 (BCM)

---

## SETTLEMENT AGREEMENT

**WHEREAS,** Plaintiffs Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto Gil, Luis Carcamo, Efren Valentin, Steven Morales, Marco Hernandez, Adelfo Hernandez, Jose Franco, Jacobo Hernandez, Deniz Lobo, Stevens Hernandez, Rodolfo Romero, Jesus Ramirez, Raul Patino, Angel Lobo, and Luis Martinez ("Plaintiffs") filed or joined in the above-captioned action against defendants Titan Construction Services LLC ("Titan"), Juan A. Garcia ("J. Garcia") and Jose Inaky Garcia ("J.I. Garcia" with Titan and J. Garcia referred to as "Titan Defendants") in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 1:19-cv-11056 ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Titan Defendants have denied and continue to deny all allegations and claims made by Plaintiffs against them in their entirety;

**WHEREAS,** Plaintiffs and Titan Defendants (collectively, the "Parties") desire to fully and finally resolve all claims asserted in the Action or which could have been asserted in the Action based on the facts alleged in all of the pleadings filed in the Action;

**WHEREAS,** Plaintiffs and Titan Defendants engaged in good faith negotiations at arm's-length and exchanged detailed damages calculations for settlement purposes;

**WHEREAS,** Plaintiffs and Titan Defendants reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiffs' claims, Titan Defendants' defenses, and the *bona fide* dispute between the Parties; and

**WHEREAS,** the Parties have memorialized their settlement by way of this Settlement Agreement ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, and assigns, and Titan Defendants agree as follows:

1.      **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their respective Plaintiffs' attorneys, Pechman Law Group PLLC, and Harrison, Harrison & Associates, Ltd. (collectively, "Plaintiffs' Counsel"), in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider Plaintiffs' counsels' advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2.      **No Admission of Liability.** The Parties hereto recognize and agree that Titan Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or anyone else as a result of or growing out of matters that: (i) are set forth in the pleadings, including without limitation the Amended Complaint, filed by Plaintiffs in the Action; (ii) could have been raised in the Action; or (iii) otherwise involve Plaintiffs' purported employment relationship with Titan Defendants and/or the separation or termination of Plaintiffs' purported employment relationship with Titan Defendants. Plaintiffs shall not be considered a prevailing party with respect to Titan Defendants. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement, or to prove the assigning of certain rights by Titan Defendants to Plaintiffs as set forth herein.

3.      **Dismissal of Action and Settlement Approval.** For and in consideration of the promises of Titan Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs agree: (i) to dismiss Titan Defendants from the Action with prejudice or cause Titan Defendants to be dismissed from the Action with prejudice; (ii) not to re-file the causes of action against Titan Defendants asserted in the Action or any other causes of action that could have been asserted against Titan Defendants in the Action based upon the facts set forth in the Amended Complaint; and (iii) not to institute any action against Titan Defendants based on any wage and hour claims that exist on or prior to the date that Plaintiffs execute this Agreement and which are released by this Agreement. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*"), and shall request that the United States District

Court for the Southern District of New York retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. To that end, the Parties shall authorize their attorneys to sign the Stipulation and (Proposed) Order Approving FLSA Settlement and Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as Exhibit A. The Dismissal Order shall be filed in the United States District Court for the Southern District of New York with a fully executed copy of this Agreement and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of Titan Defendants from the Action with prejudice. Titan Defendants shall be provided with a reasonable period of time to review and provide comments to Plaintiffs regarding Plaintiffs' application for the approval of this Agreement prior to its submission to the Court, as well as to make their own submission to the Court if appropriate.

4. **Consideration.**

A. For and in consideration of the promises of Plaintiffs set forth in this Agreement, including but not limited to the releases contained in Section 5 below, and subject to an order by the Court approving the terms and conditions of this Agreement as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act in accordance with *Cheeks* and dismissing Titan Defendants from the Action with prejudice (collectively, "Final Order"), Titan agrees to pay Plaintiffs and their attorneys the maximum total sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) ("Settlement Payment") in full and final satisfaction of all issues between the Parties, including Plaintiffs' claims of alleged unpaid wages statutory penalties, interest, and liquidated damages. The Settlement Payment shall be made in ten installments in accordance with the schedule attached hereto as Exhibit C, and incorporated into this Agreement, and the provisions in sections 4(B) and 4(C) below. The Settlement Payment shall be delivered to Plaintiffs' Counsels, and Plaintiffs' Counsels shall be responsible for distributing Plaintiffs' portions of the Settlement Payment to Plaintiffs.

B. An initial payment of Two Hundred Thousand Dollars and No Cents ($200,000) shall be made on or before December 31, 2020, and sent via overnight mail in two separate packages and apportioned as follows:

(1) Package 1 shall be addressed to "Harrison, Harrison & Associates, Ltd." and "Harrison, Harrison & Associates, Ltd." shall have responsibility for distributing the checks included in Package 1. Per the payment schedule in Exhibit C, Package 1 shall contain checks payable to Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto E. Gil, Luis Tejada Carcamo, Efren Valentin, Steven Morales, Marco Hernandez, Adolfo Hernandez, and Harrison, Harrison & Associates, Ltd.

(2) Package 2 shall be addressed to "Pechman Law Group PLLC" and "Pechman Law Group PLLC" shall have responsibility for distributing the following checks included in the Package 2. Per the payment schedule in Exhibit C, Package 2 shall contain checks payable to Jose Franco Lagos, Jacobo Hernandez, Stevens

Hernandez, Deniz Lobo, Rodolfo Romero, Raul Patino. Jesus Ramirez, Luis Martinez, Angel Lobo, and Pechman Law Group PLLC.

C.    All subsequent payments, in accordance with the payment schedule in Exhibit C, shall be sent to Plaintiffs' respective counsel via overnight mail and shall amount to Fifty Thousand Dollars and Zero Cents ($50,000) paid per month beginning on January 31, 2021 and continuing on the last day of each month through September 30, 2021.

D.    All payments shall be reported to the IRS in accordance with the reporting schedule attached hereto as Exhibit D and incorporated into this Agreement.

E.    Within ten (10) days after this Agreement is executed by Plaintiffs, all Plaintiffs, Harrison, Harrison & Associates, Ltd. and the Pechman Law Group LLC shall provide Titan with completed IRS forms W-9. Notwithstanding anything to the contrary, Titan Defendants shall have no obligation to make the above payments until they receive said tax forms. In the event any Plaintiff or law firm fails to submit a completed IRS from W-9 to Titan, Titan may withhold any and all payments to such individual or entity until it receives such completed W-9 form without cost and penalty and the remaining terms of this Agreement shall remain in full force and effect. To the extent legally required, Titan Defendants shall issue the appropriate IRS forms 1099 (as designated in Exhibit C and sections 4(B) and 4(c) above) to Plaintiffs, Harrison, Harrison & Associates, Ltd, and the Pechman Law Group PLLC with respect to the above payments. Notwithstanding anything to the contrary, in the event that the Court has not approved this Agreement prior to the payment dates referenced above, Harrison, Harrison & Associates, Ltd. and the Pechman Law Group PLLC shall hold the payments in escrow until the Court approves this Agreement; once the Agreement is approved, Harrison, Harrison & Associates, Ltd, and the Pechman Law Group PLLC may distribute the payments to themselves and Plaintiffs. In the event the Court rejects this Agreement, Harrison, Harrison & Associates, Ltd. and the Pechman Law Group PLLC shall return to Titan Defendants any payments held in escrow unless the parties mutually agree to resubmit this Agreement and any amendment thereto or otherwise seek reconsideration of the Court's ruling in which case Harrison, Harrison & Associates, Ltd. and the Pechman Law Group PLLC shall return to Titan Defendants any payments held in escrow should the Court reject any such resubmission or motion for reconsideration.

F.    Plaintiffs understand and agree that Plaintiffs are solely responsible for any and all tax obligations that may result from the Settlement Payment and that Plaintiffs are not relying on any representations made by Titan Defendants or their counsel regarding the tax implications of the Settlement Payment. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payments is proper and in compliance with applicable IRS, state and municipal regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that any Plaintiff, Harrison, Harrison & Associates, Ltd., Pechman Law Group PLLC, and/or Titan Defendants are liable for any failure by any Plaintiff to pay federal, state, or local taxes with respect to the Settlement Payment received by him, such Plaintiff agrees to reimburse, indemnify, and hold Titan Defendants harmless for any such liability.

- 4 -

G.    Plaintiffs' Counsel and Titan Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of these payments. To the extent that this Agreement is interpreted to contain or constitute legal advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Plaintiffs agree that they have not relied on any advice from Titan Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but are relying on their own judgment and the advice of their own accountants/tax preparers regarding this matter.

H.    Concurrently with the execution of this Agreement, Titan Defendants shall cause to be executed and delivered to Plaintiffs' Counsels a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiffs' Counsels, and will not be entered and/or filed at any time other than in the event that Titan Defendants both (a) fail to make payment on or before the date payment becomes due according to the terms herein and (b) fails to cure such default by ensuring Plaintiffs' Counsels' actual receipt of the delinquent payment within seven (7) days of receipt of written notice (to be delivered to Titan Defendants' counsel Glenn Grindlinger, Esq., Fox Rothschild LLP, 101 Park Avenue, 17th Floor, New York, NY 10128 and ggrindlinger@foxrothschild.com) of such default (a "Default Event"). Any such Notice of Default shall be mailed by first class mail to the address above and emailed to the address above and deemed received as of the date it is actually received by either method. Notwithstanding the foregoing and without limiting any right or remedy, in the event any Settlement Payment is not timely made or cured according to the terms herein, Plaintiffs may file the Confession of Judgment immediately and seek the outstanding amount of the Settlement Payment to be paid in one lump sum. Upon full payment of the Settlement Payment, Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Titan Defendants c/o Glenn Grindlinger, Esq., Fox Rothschild LLP, 101 Park Avenue, 17th Floor, New York, NY 10128, and shall not retain any copies thereof.

5.    **Release by Plaintiffs.** For and in consideration of the promises of Titan Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns, hereby fully and forever release, relieve, waive, relinquish, and discharge Releasees (as defined below) from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to the facts and claims asserted by Plaintiffs in the pleadings filed in the Action against Titan Defendants or that could have been raised by Plaintiffs based on the facts asserted in the pleadings, whether such claims are known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the date that each Plaintiff executes this Agreement. This release is limited solely and only to wage and hour claims that have arisen on or prior to the date that each Plaintiff executes this Agreement and it does not release or discharge any claims that may occur after that date. As used in this Agreement, the

- 5 -

term "Releasees" shall refer to Titan, J. Garcia, J.I. Garcia, their owners, executives, members, employees, managers, shareholders, officers, heirs, executors, administrators, insurers, successors, assigns, and attorneys, other than Eric Mercado, who is specifically not covered by this release.

6.      **No Entitlement to Payments or Benefits Outside This Agreement.** Plaintiffs expressly understand and agree that, except as specifically provided in this Agreement, Plaintiffs are not entitled to any payments and/or benefits from Releasees, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees through the date that Plaintiffs execute this Agreement.

7.      **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

8.      **Prevailing Party Fees.** Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

9.      **Severability.** In the event that the Court determines that any provision of this Agreement is invalid or unenforceable (other than Sections 4 and 5), the remaining provisions shall continue in full force and effect. In the event that, after the Court approves this Agreement (including Sections 4 and 5) and dismisses the Action with prejudice, another court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable (other than Sections 4 and 5), the remaining provisions shall continue in full force and effect. However, if that court of competent jurisdiction determines that either Section 4 or 5 is invalid or unenforceable, then all monies paid hereunder must be returned to Titan Defendants within seven (7) days.

10.     **Status of Settlement if Case Is Not Ultimately Dismissed.** In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the date that the Parties execute this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

11.     **Attorneys' Fees and Costs.** Except as otherwise specifically set forth herein, Plaintiffs and Titan Defendants expressly agree to bear their own attorneys' fees, costs and expenses incurred in the Action, including the fees, costs, and expenses incurred in negotiating the settlement, drafting this Agreement, and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees, costs, or expenses for any other party, except as set forth herein.

12.     **Interpretation/Jointly Drafted Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly

for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys. It shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

13.    **Important Acknowledgments.** It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiffs and referenced herein, constitutes a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks*. Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

14.    **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties.    There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement. This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

15.    **No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and specifically references this Agreement.

16.    **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

17.    **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them, provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

18.    **Execution in Counterparts.** This Agreement may be executed in counterparts by the Parties. Each executed Agreement, when taken together, shall constitute a complete Agreement. Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes. Moreover, any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

19.    **Reconocimiento en Español (Spanish Acknowledgment).** Los Demandantes representan que su idioma materno es el español y que un abogado de Pechman Law Group PLLC o de Harrison, Harrison & Associates, Ltd. ha repasado todos los términos de este Acuerdo con ellos en español. Los Demandantes han entendido todos los términos de este Acuerdo, y los aceptan voluntariamente al firmar el Acuerdo. (Plaintiffs represent that their primary language is Spanish and that an Attorney of the Pechman Law Group PLLC or of Harrison, Harrison & Associates, Ltd. has reviewed all terms of this Agreement with them in Spanish. The Plaintiffs have fully understood all terms of this Agreement and voluntarily accept them by signing below.)

20.    **Knowing and Voluntary Release of Claims**. Plaintiffs acknowledge that:

A.    Plaintiffs have carefully read and fully understand all of the provisions of this Agreement;

B.    Plaintiffs understand that all of the consideration that Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiffs to sign it;

C.    Plaintiffs knowingly and voluntarily agree to all of the terms set forth in this Agreement;

D.    Plaintiffs knowingly and voluntarily intend to be legally bound by this Agreement;

E.    Plaintiffs were advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

F.    Plaintiffs are signing this Agreement knowingly, voluntarily, and without any coercion or duress; and

G.    Plaintiffs have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**JOSE ALVARO DOLORES:**

Date: 12/18/2020

DocuSigned by:

2985BF22FC344EA...

- 8 -

**JOSE HUGO ROMERO VENTURA:**

Date: 12/22/2020

DocuSigned by:

JOSE HUGO ROMERO VENTURA CJS 1
ED1570AF80094F9...

**ELIBERTO GIL:**

Date: 12/17/2020

DocuSigned by:

BD1D7DED6F7D406...

**LUIS CARCAMO:**

Date: 12/17/2020

DocuSigned by:

luis carcomo
CC99F1FEE60145A...

**EFREN VALENTIN:**

Date: 12/17/2020

DocuSigned by:

E725609BF9594BB...

**STEVEN MORALES:**

Date: 12/18/2020

DocuSigned by:

849DA58EE2AA452...

**MARCO HERNANDEZ:**

Date: 12/21/2020

DocuSigned by:

Mayeno
942CAF3C3188432...

**ADELFO HERNANDEZ:**

Date: 12/20/2020

DocuSigned by:

Adel
AF1E76C05F2D42C...

Date: 12/16/2020

**JOSE FRANCO LAGOS:**

**JACOBO HERNANDEZ**

Date: 12/17/2020

**DENIZ LOBO:**

Date: 12/16/2020

**STEVENS HERNANDEZ:**

Date: 12/17/2020

**RODOLFO ROMERO:**

Date: 12/17/2020

**JESUS RAMIREZ:**

Date: 12/17/2020

**RAUL PATINO:**

Date: 12/16/2020

**ANGEL LOBO:**

Date: 12/16/2020

- 10 -

DocuSign Envelope ID: 623CC9E2-02FC-4165-8F6C-0D359799CB1E

**LUIS MARTINEZ:**

Date: 12/17/2020 _____

DocuSigned by:

Luis Martinez

_____

50546E0BF949457

**TITAN CONSTRUCTION SERVICES LLC**

Date: _____

By: _____

**LUIS MARTINEZ:**

Date:_____

_____

**TITAN CONSTRUCTION SERVICES LLC**

Date:_____12/21/20_____

By:_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE ALVARO DOLORES, JOSE HUGO
ROMERO VENTURA, ELIBERTO GIL, LUIS
CARCAMO, EFREN VALENTIN, STEVEN
MORALES, ADELFO HERNANDEZ, MARCO
HERNANDEZ, JOSE FRANCO, and JACOBO
HERNANDEZ, on behalf of themselves and others
similarly situated,

                         Plaintiffs,

               -against-

TITAN CONSTRUCTION SERVICES LLC, MUCU
CONTRACTING CORP., REGALADO
CONTRACTING INC., EL CASTILLO
CONTRACTING CORP., AMADOR GARCIA,
JOSE INAKY GARCIA, JUAN GARCIA, CESARIO
MUCU, and ERIC MERCADO,

                       Defendants.

---

**19 Civ. 11056 (BCM)**


**STIPULATION AND
(PROPOSED) ORDER
APPROVING FLSA
SETTLEMENT AND
DISMISSING TITAN
CONSTRUCTION
SERVICES LLC, JUAN
GARCIA AND JOSE INAKY
GARCIA FROM THE
ACTION WITH
PREJUDICE**

       **WHEREAS,** Plaintiffs Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto Gil,

Luis Carcamo, Efren Valentin, Steven Morales, Marco Hernandez, Adelfo Hernandez, Jose

Franco, Jacobo Hernandez, Deniz Lobo, Stevens Hernandez, Rodolfo Romero, Jesus Ramirez,

Raul Patino, Angel Lobo, and Luis Martinez ("Plaintiffs") filed or joined in the above-captioned

action against defendants Titan Construction Services LLC ("Titan"), Juan A. Garcia ("J.

Garcia") and Jose Inaky Garcia ("J.I. Garcia" with Titan and J. Garcia referred to as "Titan

Defendants") in the above-captioned case (Titan Defendants and together with Plaintiffs, the

"Parties");

       **WHEREAS,** the Parties have entered into a Settlement Agreement, dated December __,

2020 ("Agreement"), memorializing the terms of the Parties' settlement; and

**WHEREAS,** this Court has reviewed the Agreement, finds that its terms provide for a fair and reasonable resolution of a *bona fide* dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the settlement.

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for Plaintiffs and Titan Defendants, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that all claims asserted against Titan Construction Services LLC in this action are dismissed with prejudice, with no award of counsel fees or costs by this Court to any party, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

**PECHMAN LAW GROUP PLLC**

By: ___/s/ Louis Pechman___
   Louis Pechman, Esq.
   Vivianna Morales, Esq.
   Galen Baynes, Esq.
   488 Madison Avenue, 17th Floor
   New York, New York 10022
   Telephone: (212) 583-9500
   *Attorneys for Plaintiffs*

**HARRISON, HARRISON & ASSOCIATES, LTD.**

By: ___/s/ David Harrison___
   David Harrison, Esq.
   Julie Salwen, Esq.
   110 Highway 35, 2nd Floor
   Red Bank, NJ 07748
   Telephone: (718) 799-9111
   *Attorneys for Plaintiffs*

**FOX ROTHSCHILD LLP**

By: ___/s/ Glenn S. Grindlinger___
   Glenn S. Grindlinger, Esq.
   Bryn Goodman, Esq.
   101 Park Avenue, 17th Floor
   New York, New York 10178
   Telephone: (212) 878-7900
   *Attorneys for Defendants*
   *Titan Construction Services LLC,*
   *Juan A. Garcia, and Jose Inaky Garcia*

SO ORDERED.

Dated: New York, New York
          _____ ___, 2020


_____
**HON. BARBARA MOSES**

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

JOSE ALVARO DOLORES, JOSE HUGO
ROMERO VENTURA, ELIBERTO GIL, LUIS
CARCAMO, EFREN VALENTIN, STEVEN
MORALES, ADELFO HERNANDEZ, MARCO
HERNANDEZ, JOSE FRANCO, and JACOBO
HERNANDEZ, on behalf of themselves and others
similarly situated,

                    Plaintiffs,

          -against-

TITAN CONSTRUCTION SERVICES LLC, MUCU
CONTRACTING CORP., REGALADO
CONTRACTING INC., EL CASTILLO
CONTRACTING CORP., AMADOR GARCIA,
JOSE INAKY GARCIA, JUAN GARCIA, CESARIO
MUCU, and ERIC MERCADO,

                  Defendants.

---

**19 Civ. 11056 (BCM)**

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

---

      Juan A. Garcia, being duly sworn, deposes and says:

      1.     I am a resident of the County of _____ in the State of New Jersey in that I have a residence in the County of _____..

      2.     Pursuant to the terms of the Settlement Agreement and Release dated December __, 2020 by and between Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto Gil, Luis Carcamo, Efren Valentin, Steven Morales, Marco Hernandez, Adelfo Hernandez, Jose Franco, Jacobo Hernandez, Deniz Lobo, Stevens Hernandez, Rodolfo Romero, Jesus Ramirez, Raul Patino, Angel Lobo, and Luis Martinez ("Plaintiffs"), Titan Construction Services LLC ("Titan"), Juan A. Garcia ("J. Garcia") and Jose Inaky Garcia ("J.I. Garcia" with Titan and J. Garcia, "Titan Defendants") to which this Affidavit is annexed (the "Settlement Agreement"), I hereby confess judgment and authorize entry thereof in New York County against myself and in favor of Plaintiffs for the sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid pursuant to the Settlement Agreement's terms.

      3.     This Affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that I am to submit a total sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid, pursuant to the Settlement Agreement's terms, or by other Titan Defendants to Plaintiffs.

4.      This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Titan's failure to make timely payment in the manner prescribed in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid pursuant to the Agreement's terms or by other Titan Defendants, against myself.

6.      Plaintiffs and Titan Defendants agree that this Confession of Judgment shall be held confidentially and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until I fail to cure a default upon the date calculable by the attached Settlement Agreement.  Upon full payment of the Settlement Amount (as defined in the Settlement Agreement), Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Titan Defendants and shall not retain any copies thereof.

**JUAN GARCIA:**


Date:_____                    _____


STATE OF NEW JERSEY    }
                       }S.S.
COUNTY OF _____   }

Subscribed and sworn to before me, a Notary Public in and for the County of _____ of the State of New Jersey on this:___ day of _____, 2020.

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |
|---|---|
| JOSE ALVARO DOLORES, JOSE HUGO ROMERO VENTURA, ELIBERTO GIL, LUIS CARCAMO, EFREN VALENTIN, STEVEN MORALES, ADELFO HERNANDEZ, MARCO HERNANDEZ, JOSE FRANCO, and JACOBO HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>TITAN CONSTRUCTION SERVICES LLC, MUCU CONTRACTING CORP., REGALADO CONTRACTING INC., EL CASTILLO CONTRACTING CORP., AMADOR GARCIA, JOSE INAKY GARCIA, JUAN GARCIA, CESARIO MUCU, and ERIC MERCADO,<br><br>                    Defendants. | **19 Civ. 11056 (BCM)**<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

Jose Inaky Garcia, being duly sworn, deposes and says:

1.      I am a resident of the County of _____ in the State of New Jersey in that I have a residence in the County of _____.

2.      Pursuant to the terms of the Settlement Agreement and Release dated December __, 2020 by and between Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto Gil, Luis Carcamo, Efren Valentin, Steven Morales, Marco Hernandez, Adelfo Hernandez, Jose Franco, Jacobo Hernandez, Deniz Lobo, Stevens Hernandez, Rodolfo Romero, Jesus Ramirez, Raul Patino, Angel Lobo, and Luis Martinez ("Plaintiffs"), Titan Construction Services LLC ("Titan"), Juan A. Garcia ("J. Garcia") and Jose Inaky Garcia ("J.I. Garcia" with Titan and J. Garcia, "Titan Defendants") to which this Affidavit is annexed (the "Settlement Agreement"), I hereby confess judgment and authorize entry thereof in New York County against myself and in favor of Plaintiffs for the sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid pursuant to the Settlement Agreement's terms.

3.      This Affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that I am to submit a total sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid, pursuant to the Settlement Agreement's terms, or by other Titan Defendants to Plaintiffs.

1

4.      This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Titan's failure to make timely payment in the manner prescribed in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid pursuant to the Agreement's terms or by other Titan Defendants, against myself.

6.      Plaintiffs and Titan Defendants agree that this Confession of Judgment shall be held confidentially and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until I fail to cure a default upon the date calculable by the attached the Settlement Agreement. Upon full payment of the Settlement Amount (as defined in the Settlement Agreement), Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Titan Defendants and shall not retain any copies thereof.

**JOSE INAKY GARCIA:**

Date:_____                _____

STATE OF NEW JERSEY    }
                        }S.S.
COUNTY OF _____   }

        Subscribed and sworn to before me, a Notary Public in and for the County of _____ of the State of New Jersey on this:___ day of _____, 2020.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JOSE ALVARO DOLORES, JOSE HUGO ROMERO VENTURA, ELIBERTO GIL, LUIS CARCAMO, EFREN VALENTIN, STEVEN MORALES, ADELFO HERNANDEZ, MARCO HERNANDEZ, JOSE FRANCO, and JACOBO HERNANDEZ, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> TITAN CONSTRUCTION SERVICES LLC, MUCU CONTRACTING CORP., REGALADO CONTRACTING INC., EL CASTILLO CONTRACTING CORP., AMADOR GARCIA, JOSE INAKY GARCIA, JUAN GARCIA, CESARIO MUCU, and ERIC MERCADO, <br><br> Defendants. | **19 Civ. 11056 (BCM)** <br><br> <u>**AFFIDAVIT OF CONFESSION OF JUDGMENT**</u> |

Juan A. Garcia as Co-Chief Executive Officer of Titan Construction Service, LLC, being duly sworn, deposes and says:

1.     Titan Construction Services, LLC resides in the County of New York in the State of New York in that its office is located at 153 West 27th Street Suite #403, New York, NY 10001.

2.     Pursuant to the terms of the Settlement Agreement and Release dated December __, 2020 by and between Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto Gil, Luis Carcamo, Efren Valentin, Steven Morales, Marco Hernandez, Adelfo Hernandez, Jose Franco, Jacobo Hernandez, Deniz Lobo, Stevens Hernandez, Rodolfo Romero, Jesus Ramirez, Raul Patino, Angel Lobo, and Luis Martinez ("Plaintiffs"), Titan Construction Services LLC ("Titan"), Juan A. Garcia ("J. Garcia") and Jose Inaky Garcia ("J.I. Garcia" with Titan and J. Garcia, "Titan Defendants") to which this Affidavit is annexed (the "Settlement Agreement"), I, as CEO of Titan, hereby confess judgment and authorize entry thereof in New York County against Titan and in favor of Plaintiffs for the sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid pursuant to the Settlement Agreement's terms.

3.     This Affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides

1

that I am to submit a total sum of Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid, pursuant to the Settlement Agreement's terms, or by other Titan Defendants to Plaintiffs.

4.      This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Titan's failure to make timely payment in the manner prescribed in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for Six Hundred Fifty Thousand Dollars and Zero Cents ($650,000.00) less any amounts already paid pursuant to the Agreement's terms or by other Titan Defendants, against myself.

6.      Plaintiffs and Titan Defendants agree that this Confession of Judgment shall be held confidentially and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until I fail to cure a default upon the date calculable by the attached the Settlement Agreement. Upon full payment of the Settlement Amount (as defined in the Settlement Agreement), Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Titan Defendants and shall not retain any copies thereof.

**TITAN CONSTRUCTION SERVICES LLC**

Date:_____          _____

STATE OF NEW YORK      }
                       }S.S.
COUNTY OF _____  }

Subscribed and sworn to before me, a Notary Public in and for the County of _____ of the State of New York on this :___ day of _____, 2020.

2

# EXHIBIT C

**PAYMENT SCHEDULE**

| NAME | TOTAL SETTLEMENT PAYMENT | December 2020 Payment of $200,000 | January 2021 Payment of $50,000 | February 2021 Payment of $50,000 | March 2021 Payment of $50,000 | April 2021 Payment of $50,000 | May 2021 Payment of $50,000 | June 2021 Payment of $50,000 | July 2021 Payment of $50,000 | August 2021 Payment of $50,000 | September 2021 Payment of $50,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jose Alvaro Dolores | $80,651.24 | $24,815.78 | | $12,407.88 | | $12,407.88 | | $12,407.88 | | $12,407.88 | $6,203.94 |
| Jose Hugo Romero Ventura | $28,879.37 | $8,885.96 | | $4,442.98 | | $4,442.98 | | $4,442.98 | | $4,442.98 | $2,221.49 |
| Eliberto E Gil | $17,665.16 | $5,435.42 | | $2,717.72 | | $2,717.72 | | $2,717.72 | | $2,717.72 | $1,358.86 |
| Luis Tejada Carcamo | $57,953.22 | $17,831.76 | | $8,915.88 | | $8,915.88 | | $8,915.88 | | $8,915.88 | $4,457.94 |
| Efren Valentin | $10,757.39 | $3,309.98 | | $1,654.98 | | $1,654.98 | | $1,654.98 | | $1,654.98 | $827.49 |
| Steven Morales | $55,626.05 | $17,115.68 | | $8,557.86 | | $8,557.86 | | $8,557.86 | | $8,557.86 | $4,278.93 |
| Marco Hernandez | $24,804.91 | $7,632.28 | | $3,816.14 | | $3,816.14 | | $3,816.14 | | $3,816.14 | $1,908.07 |
| Adelfo Hernandez | $24,804.91 | $7,632.28 | | $3,816.14 | | $3,816.14 | | $3,816.14 | | $3,816.14 | $1,908.07 |
| Jose Franco Lagos | $35,000.01 | $10,769.22 | $5,384.62 | | $5,384.62 | | $5,384.62 | | $5,384.62 | | $2,692.31 |
| Jacobo Hernandez | $7,500.00 | $2,307.72 | $1,153.84 | | $1,153.84 | | $1,153.84 | | $1,153.84 | | $576.92 |
| Stevens Hernandez | $8,675.07 | $2,669.28 | $1,334.62 | | $1,334.62 | | $1,334.62 | | $1,334.62 | | $667.31 |
| Deniz Lobo | $20,878.91 | $6,424.29 | $3,212.14 | | $3,212.14 | | $3,212.14 | | $3,212.14 | | $1,606.07 |
| Rodolfo Romero | $7,500.00 | $2,307.72 | $1,153.84 | | $1,153.84 | | $1,153.84 | | $1,153.84 | | $576.92 |
| Raul Patino | $7,500.00 | $2,307.72 | $1,153.84 | | $1,153.84 | | $1,153.84 | | $1,153.84 | | $576.92 |
| Jesus Ramirez | $17,035.35 | $5,240.08 | $2,620.06 | | $2,620.06 | | $2,620.06 | | $2,620.06 | | $1,310.03 |
| Luis Martinez | $10,183.40 | $3,133.34 | $1,566.68 | | $1,566.68 | | $1,566.68 | | $1,566.68 | | $783.34 |
| Angel Lobo | $19,208.13 | $5,910.18 | $2,955.10 | | $2,955.10 | | $2,955.10 | | $2,955.10 | | $1,477.55 |
| HARRISON, HARRISON & ASSOCIATES, LTD. | $111,217.99 | $34,220.91 | $13,440.04 | $3,670.42 | $13,440.04 | $3,670.42 | $13,440.04 | $3,670.42 | $13,440.04 | $3,670.42 | $8,555.23 |
| PECHMAN LAW GROUP PLLC | $104,163.89 | $32,050.40 | $16,025.22 | | $16,025.22 | | $16,025.22 | | $16,025.22 | | $8,012.61 |
| Total Payment | $650,000.00 | $200,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 |

\* Checks payable to Jose Alvaro Dolores, Jose Hugo Romero Ventura, Eliberto Gil, Luis Tejada Carcamo, Efren Valentin,  Steven Morales, Marco Hernandez, Adelfo Hernandez, and Harrison, Harrison & Associates, Ltd. shall be forwarded by overnight mail to Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite 10, Red Bank, NJ  07701.

[‡] Checks payable to Jose Franco Lagos, Jacobo Hernandez, Stevens Hernandez, Deniz Lobo, Rodolfo Romero, Raul Patino, Jesus Ramirez, Luis  Martinez, Angel Lobo, and Pechman Law Group PLLC shall be forwarded by overnight mail to Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022.

# EXHIBIT D

# TAX REPORTING SCHEDULE

| NAME | 2020 | | 2021 | |
|---|---|---|---|---|
| | 1099 NEC | 1099 MISC | 1099 NEC | 1099  MISC |
| Jose Alvaro Dolores | $12,407.89 | $12,407.89 | $24,815.76 | $31,019.70 |
| Jose Hugo Romero Ventura | $4,442.98 | $4,442.98 | $8,885.96 | $11,107.45 |
| Eliberto E Gil | $2,717.71 | $2,717.71 | $5,435.44 | $6,794.30 |
| Luis Tejada Carcamo | $8,915.88 | $8,915.88 | $17,831.76 | $22,289.70 |
| Efren Valentin | $1,654.99 | $1,654.99 | $3,309.96 | $4,137.45 |
| Steven Morales | $8,557.84 | $8,557.84 | $17,115.72 | $21,394.65 |
| Marco Hernandez | $3,816.14 | $3,816.14 | $7,632.28 | $9,540.35 |
| Adelfo Hernandez | $3,816.14 | $3,816.14 | $7,632.28 | $9,540.35 |
| Jose Franco Lagos | $5,384.61 | $5,384.61 | $10,769.24 | $13,461.55 |
| Jacobo Hernandez | $1,153.86 | $1,153.86 | $2,307.68 | $2,884.60 |
| Stevens Hernandez | $1,334.64 | $1,334.64 | $2,669.24 | $3,336.55 |
| Deniz Lobo | $3,212.15 | $3,212.15 | $6,424.28 | $8,030.35 |
| Rodolfo Romero | $1,153.86 | $1,153.86 | $2,307.68 | $2,884.60 |
| Raul Patino | $1,153.86 | $1,153.86 | $2,307.68 | $2,884.60 |
| Jesus Ramirez | $2,620.04 | $2,620.04 | $5,240.12 | $6,550.15 |
| Luis Martinez | $1,566.67 | $1,566.67 | $3,133.36 | $3,916.70 |
| Angel Lobo | $2,955.09 | $2,955.09 | $5,910.20 | $7,387.75 |
| HARRISON, HARRISON & ASSOCIATES, LTD. | | $34,220.91 | | $76,997.07 |
| PECHMAN LAW GROUP PLLC | | $32,050.40 | | $72,113.49 |

* Payment for claims of  alleged unpaid wages to be reported on a 1099 NEC.

‡ Payment for claims of alleged liquidated damages, statutory penalties and interest to be reported on a 1099 MISC.