UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/21

JOSE ALVARO DOLORES, et al.,

Plaintiffs,

-against-

TITAN CONSTRUCTION SERVICES LLC, et al.,

Defendants.

19-CV-11056 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Now before the Court is the parties' joint letter dated December 22, 2020 (Joint Letter) (Dkt. No. 56), seeking approval of their proposed FLSA Settlement and Release Agreement (Agreement) (Dkt. No. 56-1), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Titan Construction Services LLC, Jose Inaky Garcia, and Juan Garcia to pay a total of $650,000 to settle this action. Ag. ¶ 4(A). This sum was arrived at after arms-length bargaining before a neutral mediator, *see* Joint Ltr. at 3, and according to the parties represents approximately 57% of plaintiffs' estimate of their actual damages (not including liquidated damages, attorneys' fees, or costs) should they succeed on all issues at trial. *Id.* at 5. Of that sum, $434,618.12 will be distributed among the 17 plaintiffs in amounts ranging from a low of $7,500 to a high of $80,651.24, in full settlement of their claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), Ag. Ex. C; Joint Ltr. at 5-6, and $215,381.88 will go to plaintiffs' attorneys for their fees and expenses. Ag. Ex. C; Joint Ltr. at 6.[1]

---

[1] Defendants are required to make an initial payment of $200,000 and subsequent payments in the amount of $50,000 per month in accordance with the payment schedule laid out in Exhibit C to the Agreement. Ag. ¶¶ 4(B), (C). The Agreement states that the initial payment shall be made "on or before December 31, 2020." *Id.* ¶ 4(B). The Court advises the parties to modify the payment schedule in light of this Order.

The Agreement includes a unilateral but limited release, in which plaintiffs release defendants, as well as certain affiliated individuals, from all "wage and hour claims[.]" Ag. ¶ 5. There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement.

The proposed attorneys' fee award of $208,332.64 is equivalent to just under one-third of the gross settlement payment, which reflects the arrangement in the plaintiffs' contingency fee agreements. Joint Ltr. at 6. The award equals 1.54 times plaintiffs' counsel's lodestar of $135,425. (Dkt. Nos. 56-3, 56-4.) Whether viewed as a percentage of the total settlement amount or measured against counsel's lodestar, the proposed fee award falls within the range frequently approved in this district. *See, e.g., Deran v. Antalia Turkish Cuisine LLC*, 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving attorney's fees of one-third of the settlement amount); *Souffrant v. 14-15 Mertens Place Corp.*, No. 19-CV-5482 (BCM), 2020 WL 1166231, at *2 (S.D.N.Y. Mar. 11, 2020) (approving lodestar multiplier of 1.6); *Montalvo v. Flywheel Sports, Inc.*, 2018 WL 7825362, at *6 (S.D.N.Y. July 27, 2018) ("Given that courts in this district will often approve lodestar multipliers between two and four times, counsel's requested fee appears reasonable."). Having evaluated the proposal under the factors set forth in *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606-07 (2d Cir. 2020), and the cases cited therein – including "the most critical factor," which is the "degree of success obtained," *id.* (citations omitted) – I find that the proposed award is fair and reasonable for purposes of *Cheeks*. 796 F.3d at 206.

Plaintiffs' counsel also seeks to recover $7,049.24 in costs, which according to the Joint Letter includes $400 for the filing fee, $450 in service fees, $579.90 in interpretation and translation fees, and $5,619.34 in JAMS mediation fees. Joint Ltr. at 6. However, notwithstanding this Court's express direction that plaintiffs support "[a]ny proposed award of fees and costs" with

"copies of . . . expense records, properly authenticated" (Dkt. No. 54 at 2), plaintiffs did not submit any expense invoices or receipts. They did include two cost-related entries in their billing records: for a $180 service fee and a $2,425 JAMS fee (Dkt. No. 56-4), but did not provide invoices, or document the remaining claimed expenses in any way. I cannot approve an award of expenses based merely on a letter submitted by counsel. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601-02 (2d Cir. 2020) (approving expenses to the extent "documented . . . in the receipts and invoices submitted by counsel"); *Blackman Plumbing Supply, Inc.*, 2020 WL 2771008, at *17 (E.D.N.Y. May 4, 2020) (recommending that no expenses beyond the filing fee be awarded where counsel "fail[ed] to provide the underlying documentation such as invoices, receipts or other documentary proof"), *report and recommendation adopted,* 2020 WL 2769266 (E.D.N.Y. May 28, 2020); *Piedra v. Ecua Rest., Inc.*, 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018) (rejecting expenses beyond filing fee because "the Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services, without additional supporting documentation for those costs"). Here, as in *Piedra*, 2018 WL 1136039, at *20, the Court takes judicial notice of the $400 filing fee. The Court will also accept the two expense entries ($180 service fee and $2,425 JAMS deposit). However, the Court cannot approve the additional, wholly undocumented $4,044.24 expense reimbursement sought. Moreover, given the clarity of the Court's direction on this point, *see* Order dated December 3, 2020 (Dkt. No. 54 at 1), leave to supplement the expense submission would be inappropriate.

Consequently, the application for approval of the Agreement is DENIED without prejudice to the submission of a renewed motion limiting the award of expenses to $3,005, with the balance distributed to the plaintiffs on whose behalf the suit was brought *pro rata*, in proportion to the

allocated amounts set forth in the Agreement.[2] Any such renewed motion shall be filed no later than **February 3, 2021**, and may take the form of a letter-motion and/or stipulation, signed by counsel for all parties, advising the Court that the parties have agreed to cap the aggregate award of expenses to plaintiff's counsel at $3,005.

Dated: New York, New York
      January 22, 2021

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] In *Fisher*, the Second Circuit clarified that a district court, presented with an FLSA settlement which incorporates an unsupportable fee or expense award, "may not simply rewrite" the parties' agreement. 948 F.3d at 605. Instead, the court's "options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id*. at 606.

4